# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| JAMES TIPTON LANDS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Nos.: 1:15-CR-008-HSM-CHS-4 |
|  | ) | 1:16-CV-459-HSM |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM & OPINION

This is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 198[1]]. Respondent has filed a response in opposition thereto [Doc. 203]. For the reasons set forth below, the Court finds that Petitioner's § 2255 motion [Doc. 198] is without merit and it will be **DENIED**.

### I. BACKGROUND

Petitioner pleaded guilty to conspiracy to manufacture and distribute five grams or more of methamphetamine and fifty grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) [Doc. 96 p. 1]. The plea agreement provided that "[t]he punishment for this offense is a term of imprisonment not less than five years and up to forty years," among other things [*Id.*]. As factual support for his plea of guilty, Petitioner admitted that he had entered into an agreement with others to manufacture and distribute methamphetamine, discussed cooking methamphetamine with others and directed a codefendant to "[g]et some rock salt" through text

---

[1] All citations to the record are to the criminal case.

messages, cooked methamphetamine in his home with a codefendant, "smurf[ed]" pseudoephedrine for use in the manufacture of methamphetamine, and purchased 88.56 grams of pseudoephedrine for use in manufacturing methamphetamine, among other things [Doc. 96 p. 2–3]. Petitioner's plea agreement also provided that, due to Petitioner's agreement to plead guilty, the government would not oppose a three-level reduction of Petitioner's offense level under certain circumstances [*Id.* at 5].

After a two-level reduction under United States Sentencing Guideline ("USSG") §2D2.2(b)(17) and a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 23 [Doc. 152 ¶¶ 28, 29, 25–37]. As set forth in the plea agreement, the minimum term of imprisonment for Petitioner's offense was five years and the maximum was eight years [*Id.* ¶ 99]. Petitioner, however, met the criteria of 18 U.S.C. §§ 3553(f)(1)–(5), and therefore the Court could impose a sentence in accordance with Petitioner's guideline imprisonment range, which was 46-57 months [*Id.* at ¶ 100]. Accordingly, on November 20, 2015, the Court entered a judgment against Petitioner for forty-six months' imprisonment [Doc. 182]. On October 24, 2016, Petitioner filed the instant § 2255 motion in which he sets forth three claims for ineffective assistance of counsel [Doc. 198].

## II. APPLICABLE LAW

The Sixth Amendment provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious

> that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. As with all claims under § 2255, Petitioner has the burden of proving ineffective assistance of counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Where a petitioner pleaded guilty, he must show that, but for counsel's deficient performance, he would not have pleaded guilty to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, the petitioner must present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *Id.* at 59.

The Supreme Court has emphasized a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

**III. ANALYSIS**

First, Petitioner asserts that counsel was ineffective for not arguing for a non-mandatory minimum sentence, as Petitioner "was not responsible for a 'high role in the offense'" because he only purchased an average of one box of sinus pills every two months [Doc. 198 p. 3]. As set forth above, however, Petitioner's presentence investigation report specifically provided that the Court was not required to sentence Petitioner to the mandatory minimum term of imprisonment for the offense to which Petitioner pleaded guilty under 21 U.S.C. §841 (b)(1)(B). Rather, because Petitioner met the criteria of 18 U.S.C. §§ 3553(f)(1)–(5), the Court could impose a sentence in accordance with Petitioner's guidelines imprisonment range, which was 46–57 months [Doc. 152 ¶ 100]. The Court therefore imposed such a sentence [Doc. 182]. As such, Petitioner cannot establish that counsel's assistance was deficient with regard to this issue.

Next, Petitioner asserts that counsel was ineffective for not arguing that Petitioner should receive a three-level reduction of his offense level due to his acceptance of responsibility [Doc. 198 p. 4]. As set forth above, however, Petitioner did receive a three-level reduction of his offense level due to his acceptance of responsibility [Doc. 152 §§ 35–36]. As such, Petitioner cannot establish that counsel's assistance was deficient with regard to this issue.

Lastly, Petitioner asserts that counsel was ineffective for not arguing that Petitioner should have received a reduction of his sentence under USSG §3B1.2 due to Petitioner playing a "mitigating role" in the offense [Doc. 198 p. 5]. In support of his assertion that counsel should have argued for this reduction, Petitioner states that other codefendants received enhancements for

4

their leadership role and that he was a very low, if not the lowest, member of the conspiracy [Doc. 198 p. 5].

Under USSG §3B1.2, a four-level decrease of a defendant's offense level is appropriate where "the defendant was a minimal participant" and a two-level decrease in offense level is appropriate where "the defendant was a minor participant . . . ." U.S. Sentencing Guidelines Manual §3B1.2 (U.S. Sentencing Comm'n 2015). Also, where a case falls between these two categories, a decrease of three levels is appropriate. *Id.* A defendant should receive a decrease under this section if he was "substantially less culpable than the average participant" in the subject conspiracy. *Id.* cmt. n. 3.

As set forth above, however, in his plea agreement, Petitioner admitted that he had entered into an agreement with others to manufacture and distribute methamphetamine, discussed cooking methamphetamine with others and directed a codefendant to "[g]et some rock salt" through text messages, cooked methamphetamine in his home with a codefendant, "smurf[ed]" pseudoephedrine for use in the manufacture of methamphetamine, and purchased 88.56 grams of pseudoephedrine for use in manufacturing methamphetamine, among other things [Doc. 96 p. 2–3]. Further, as Respondent correctly points out, Petitioner admitted that he purchased a larger drug quantity than two of his five codefendants admitted to purchasing [Doc. 75 ¶ 4(f) (plea agreement of Jeremy Laws admitting to purchasing for 61.2 grams of pseudoephedrine); Doc. 85 ¶ 4(c) (plea agreement of Stacy Laws admitting to purchasing 66 grams of pseudoephedrine)].

For these reasons, Petitioner has not established that he was "substantially less culpable than the average participant" in the subject conspiracy such that he would have been entitled to a decrease under USSG §3B1.2. Accordingly, Petitioner likewise has not established that counsel

was ineffective for not arguing that Petitioner was entitled to this reduction or that any prejudice resulted from counsel not making this argument.

## IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 198] will be **DENIED**. Thus**,** under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted. A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). After reviewing Petitioner's claims for ineffective assistance of counsel, the Court finds that reasonable jurists could not conclude that they deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ISSUE.**

**E N T E R :**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE